PURDY v. WALLACE.

(Supreme Court, Appellate Term. April 24, 1905.)

ATTORNEY AND CLIENT—RETENTION OF CLIENT'S FUNDS—BURDEN OF PROOF.

In an action by a client against his attorney to recover funds received from the client, where plaintiff showed the existence of the relation, and facts tending to show the receipt of the funds, and that they were not used for the purpose intended, and defendant offered no testimony, it was error to dismiss the complaint for failure of proof, since, a fiduciary relation being shown, it imposed the burden of proof on defendant to show that his dealings with plaintiff were just.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 248.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Hattie E. Purdy, as administratrix of the estate of Samuel V. Purdy, deceased, against Ernest H. Wallace. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Henry L. Maxson, for appellant.
Louis Frankel, for respondent.

GREENBAUM, J. The facts established by the pleadings are that Samuel V. Purdy, plaintiff's intestate, entered into an agreement with the defendant, a counselor at law, whereby the latter was to perform certain legal services in connection with certain interests which the former had in his father's estate, for which the defendant was to be paid the sum of $410; that payment of said sum was to be secured to defendant by the execution on the part of the intestate of a bond and mortgage covering certain property in New Rochelle; that in fact a mortgage was executed for $510 upon the understanding that the additional sum of $100 might be used, "if need be, for the release of a certain right of dower or other claim in the estate referred to in said agreement, adverse to that of the said Purdy"; that said sum of $100 "should be repaid by the defendant to the said Purdy, unless used to buy off or satisfy the adverse dower right claim"; that said mortgage was thereafter assigned to one George Wallace, an uncle of defendant; that, before the completion of the defendant's services, the intestate paid to George Wallace, upon defendant's request, the sum of $510, the amount of said mortgage in exchange for the original bond and mortgage, the assignment thereof, and satisfaction piece; and that thereafter the defendant completed his services pursuant to his agreement, and became entitled to the sum of $410. The only issuable fact presented by the pleadings and litigated was with respect to the additional $100. Plaintiff alleged that said sum was never used for the purpose for which it was given, and that plaintiff is entitled to its return, and defendant makes a denial of said allegations. Defendant offered no testimony, and the court below dismissed the complaint "for failure of proof."

An examination of plaintiff's evidence reveals that the adverse claim for which the sum of $100 was reserved was that of the widow of the deceased Purdy's brother, and that the said widow had received $100 in settlement of any claim she had against the estate from the executor of the estate. Although the testimony is somewhat confusing by reason of the fact that the executor's name was Charles Wallace, whilst that of the assignee of the mortgage was George Wallace, yet it is reasonably clear from the proofs, both oral and documentary, that the widow's claim had been settled, and that neither George Wallace nor defendant had made any payment in settling it. The relationship of client and attorney that existed between the plaintiff's intestate and defendant is one that is not to be here overlooked. It is such a relationship as demands full and complete disclosure on the part of the attorney, to show that his dealings with his client have been fair and just. It has been held that, "when this relation is shown to exist, it imposes the burden of proof upon the person taking securities or making contracts inuring to his benefit to show that the transaction is just and fair, and that he has derived no unfair advantage from his fiduciary relation." Bingham v. Sheldon, 101 App. Div. 48, 91 N. Y. Supp. 917, citing Fisher v. Bishop, 108 N. Y. 25, 15 N. E. 331, 2 Am. St. Rep. 357. As all intendments favorable to plaintiff must be indulged in upon a motion to dismiss the com-

plaint, where no evidence or explanation was tendered by the defendant, it is difficult to understand why the complaint should be dismissed "for failure of proof."

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.